UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-444-MOC-DSC

| PHILIPS NORTH AMERICA, LLC, et al., | ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) | |
| vs. | ) ) | **ORDER** |
| DUSTIN JAY ZIMMERMAN, | ) ) ) | |
| Defendant. | ) ) | |

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss for Failure to State a Claim, filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 14).

### I. BACKGROUND

Plaintiff Philips North America LLC[1] develops and sells medical imaging systems to hospitals and other medical facilities and provides after-market service. Those facilities also hire independent service organizations ("ISOs") to provide maintenance and support services necessary to maintain the systems, such as assembly, installation, adjustment, and testing ("AIAT") procedures.

As a member of the U.S. Army, Defendant Dustin Zimmerman was trained as a biomedical engineer and serviced medical equipment at military facilities abroad. The U.S.

---

[1] Plaintiff Phillips refers to six named Plaintiff entities in this matter, all of which are collectively in the business of inter alia developing, manufacturing, selling, supporting, maintaining, and servicing medical imaging systems, including the proprietary hardware and software and related trade secrets necessary to operate, service, and repair such systems.

1

Army sent Zimmerman to a Philips training program that lasted less than a month, pursuant to a contract Philips had with the U.S. Army to provide certain medical equipment and related training to military members. Philips required Zimmerman to sign a Customer Employee Non-Disclosure Agreement at the training.

Plaintiff filed this action against Defendant Zimmerman on September 10, 2019, alleging that Zimmerman has breached the non-disclosure agreement he signed with Plaintiff by obtaining unauthorized access to Plaintiff's proprietary, confidential, or trade secret information and using it for professional and personal gain. Plaintiff alleges that Defendant is employed with Transtate Equipment Company, Inc., located in North Carolina. Plaintiff alleges that Defendant continues to circumvent Plaintiff's security, lie, and steal access to Plaintiff's information at tremendous profit to himself, Transtate, and others. Plaintiff brings the following claims against Defendant: (1) breach of contract; (2) fraud; (3) violation of the Computer Fraud and Abuse Act; (4) violation of the Millennium Copyright Act; (5) violation of the Millennium Copyright Act; (6) violation of the Defend Trade Secrets Act; (7) trade secret misappropriation in violation of N.C. Gen. Stat. § 66-152; (8) computer trespass in violation of N.C. Gen. Stat. § 14-458; (9) unfair and deceptive practices in violation of N.C. Gen. Stat. § 75-1.1; and (10) copyright infringement in violation of 17 U.S.C. § 100.

On November 12, 2019, Defendant filed the pending motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant contends that the applicable statute of limitations bars Plaintiff's breach of contract claim, that the confidentiality provision in the contract is unenforceable and unconscionable, the Copyright Act preempts the breach of contract claim, and Plaintiff's claim does not meet federal pleading standards under Rule 12(b)(6). Defendant also contends that Plaintiff has failed to state a fraud claim under the heightened

pleading requirements of Rule 9(b), and the Copyright Act preempts the claim. Furthermore, Defendant contends that Rule 12(b)(6) dismissal is appropriate as to Plaintiff's remaining claims. Plaintiff has responded to the motion to dismiss, and Defendant has filed a Reply.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a motion may be dismissed for failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992), cert. denied, 510 U.S. 828 (1993). Thus, the Rule 12(b)(6) inquiry is limited to determining if the allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8(a)(2). To survive a defendant's motion to dismiss, factual allegations in the complaint must be sufficient to "raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a complaint will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

For the purposes of a Rule 12(b)(6) analysis, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). The Court must draw all reasonable factual inferences in favor of the plaintiff. Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014). In a Rule 12(b)(6) analysis, the Court must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678. Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. However, well-pleaded

3

factual allegations are entitled to a presumption of truth, and the court should determine whether the allegations plausibly give rise to an entitlement to relief. Id. at 679.

### III. DISCUSSION

Given the lenient pleading standards of Iqbal and Twombly, the Court will deny the motion to dismiss at this time and hold it under consideration pending further development of the record.

### IV. CONCLUSION

Defendant's motion to dismiss is denied, pending further development of the record, and the Court will issue a ruling after discovery and the parties' filing of summary judgment motions.

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motion to Dismiss for Failure to State a Claim, (Doc. No. 14), is **DENIED** at this time, pending further review after the parties conduct discovery and the parties' filing of summary judgment motions.

Signed: March 24, 2020

Max O. Cogburn Jr.
United States District Judge