# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-CV-00444-MOC-DSC

| | |
|---|---|
| **PHILIPS NORTH AMERICA LLC et. al.,** )<br> )<br> )<br>**Plaintiffs,** )<br> )<br>**v.** )<br> )<br>**DUSTIN JAY ZIMMERMAN,** )<br> )<br>**Defendant.** ) | **ORDER** |

**THIS MATTER** is before the Court on Defendants' "Motion to Compel Deposition Testimony" (document #63) and "Motion for Protective Order" (document # 66), as well as the parties' briefs and exhibits.

In their Motion to Compel, Defendants seek to depose Douglas McKnight, K.P. Varadharaj, and Yvan Mertens. McKnight is Plaintiff's in- house counsel. Varadharaj is Plaintiff's foreign employee. Mertens is a foreign citizen employed by a related non-party. McKnight and Varadharaj were listed in Plaintiff's initial disclosures as having discoverable information. For the reasons stated in Defendants' briefs, their Motion to Compel depositions of McKnight and Varadharaj is granted. For the reasons stated in Plaintiff's brief, the Motion to Compel is denied as to Mertens.

Plaintiff has noticed the deposition of each Defendant despite having deposed them previously in the lead case. See 3:20-cv-21-MOC-DCK. Defendants seek to quash the deposition notices. In its brief, Plaintiff proposes to limit the scope of depositions:

to address only issues that are *not* duplicative matters, namely:
(i) Philips' claims against Defendants for breach of their <u>individual</u> contracts with Philips; and
(ii) Defendants' <u>individual counterclaims</u> against Philips, which seek to recover damages Defendants allegedly <u>personally suffered</u>;
(iii) Any <u>new evidence or issues concerning Defendants</u> raised by Defendants' expert reports served in the Lead Case, and
(iv) Any <u>new discovery</u> uncovered in the related cases.

Document #77 at 2-3 (emphasis in original). For this reason, the Motion for Protective Order is <u>denied</u>.

**NOW THEREFORE IT IS HEREBY ORDERED** that:

1. Defendants' "Motion to Compel Deposition Testimony" (document #63) is **GRANTED IN PART** and **DENIED IN PART** as stated above.

2. Defendants' "Motion for Protective Order" (document # 66) is **DENIED**.

3. The Clerk is directed to send copies of this Order to counsel for the parties and to the Honorable Max O. Cogburn, Jr..

**SO ORDERED**.

Signed: August 19, 2021

_____
David S. Cayer
United States Magistrate Judge